## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TUNG TRAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-25-1357-G |
| | ) |
| TODD BLANCHE, Acting Attorney | ) |
| General of the United States, et al., | ) |
| | ) |
| Respondents.[1] | ) |

## ORDER

On November 15, 2025, Petitioner Tung Tran, appearing through counsel, filed a Petition for Writ of Habeas Corpus (the "Petition," Doc. No. 1) challenging his detention by U.S. Immigration and Customs Enforcement ("ICE") pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Shon T. Erwin for preliminary review. Certain Respondents[2] filed a Response (Doc. No. 11) to the Petition, and Petitioner filed a Reply (Doc. No. 14).

---

[1] Markwayne Mullin, the current Secretary of the U.S. Department of Homeland Security, and Acting Attorney General of the United States Todd Blanche are hereby substituted as respondents for Kristi Noem and Pamela Bondi pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] Respondent Scarlet Grant, Warden of Cimarron Correctional Facility, has not appeared in this action or joined in the other respondents' filings. The appearing respondents are: Todd Blanche, Acting Attorney General of the United States; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of ICE; Marcos Charles, Acting Executive Associate Director, ICE Enforcement and Removal Operations ("ERO"); Mark Siegel, Field Office Director for ERO; ICE; and U.S. Department of Homeland Security.

On December 22, 2025, Judge Erwin issued a Report and Recommendation ("R. & R.," Doc. No. 15), recommending that the Petition be granted and Petitioner be released from custody. Respondents filed an Objection (Doc. No. 16) to the R. & R., to which Petitioner responded (Doc. No. 18).

Pursuant to controlling authority, the Court reviews de novo the portions of the R. & R. to which specific objection has been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

I.      *Background*

The factual background is set forth in the R. & R. and is not contested by either party. Petitioner is a citizen of Vietnam and entered the United States in approximately 1991. R. & R. at 1. Petitioner was ordered removed on December 9, 1997. *Id.*

Petitioner was detained by ICE on October 4, 2000, and released under an Order of Supervision ("OOS") on March 1, 2002. *Id.* From 2002 to 2025, Petitioner complied with the OOS's requirements to appear for routine check-ins with ICE and to update his address whenever he relocated. *Id.* at 1-2.

Petitioner alleges that he has been wrongfully redetained by ICE since he was "picked up" on August 27, 2025, "while doing nothing wrong and without being in violation of any condition of his OOS." Pet. ¶ 46. Petitioner is currently housed at the Cimarron Correctional Facility, an ICE facility located in Cushing, Oklahoma. *Id.* ¶ 11.

II.     *Relevant Standards*

"The Government's ability to detain, release, and revoke the release of noncitizens subject to removal orders is governed by specific regulations." *Phongsavanh v. Williams,*

809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).  Pursuant to 8 U.S.C. § 1231(a), the Attorney

General "shall detain" a noncitizen who is ordered to be removed; this period of detention

is referred to as the "removal period."  8 U.S.C. § 1231(a)(1)(A), (2)(A); *see also Zadvydas*

*v. Davis*, 533 U.S. 678, 682 (2001) ("When an alien has been found to be unlawfully present

in the United States and a final order of removal has been entered, the Government

ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal

period,' during which time the alien normally is held in custody.").

Section 1231(a)(3) prescribes that when a noncitizen is not removed within this

removal period, he or she may be released subject to "supervision" as set forth by relevant

regulations.  8 U.S.C. § 1231(a)(3); *see* 8 C.F.R. §§ 241.4, 241.13.  As relevant here, federal

authorities may revoke an order of supervised release and "return the alien to custody" "if,

on account of changed circumstances, [ICE] determines that there is a significant likelihood

that the alien may be removed in the reasonably foreseeable future."  8 C.F.R. §

241.13(i)(2).  Alternatively, an order of supervision may be revoked if the noncitizen

"violates any of the conditions of release."  *Id.* § 241.13(i)(1).  Revocation for either reason

triggers a notification requirement and a review process:

> *Revocation procedures.*  Upon revocation, the alien will be notified of the
> reasons for revocation of his or her release.  [ICE] will conduct an initial
> informal interview promptly after his or her return to [ICE] custody to afford
> the alien an opportunity to respond to the reasons for revocation stated in the
> notification.  The alien may submit any evidence or information that he or
> she believes shows there is no significant likelihood he or she be removed in
> the reasonably foreseeable future, or that he or she has not violated the order
> of supervision.  The revocation custody review will include an evaluation of
> any contested facts relevant to the revocation and a determination whether
> the facts as determined warrant revocation and further denial of release.

*Id.* § 241.13(i)(3).

  III. *Discussion*

   A. *The Merits of Petitioner's Claim*

In the R. & R., Judge Erwin concluded that Petitioner's detention is unlawful because Respondents failed to follow required procedures in revoking Petitioner's OOS. *See* R. & R. at 6-11.  Based on this, Judge Erwin concluded that Petitioner is entitled to release under 28 U.S.C. § 2241(c)(3).  *See id.*; 28 U.S.C. § 2241(c)(3) (prescribing that habeas corpus relief is available to a prisoner "in custody in violation of the . . . laws . . . of the United States").[3]

Specifically, the R. & R. concludes that the revocation of Petitioner's OOS is governed by 8 C.F.R. § 241.13(i). *Id.* at 6-7.  Respondents do not challenge this conclusion. The R. & R. further notes that of the two reasons listed in § 241.13(i) for why an OOS may be revoked—(1) "[v]iolation of conditions of release," and (2) "[r]evocation for removal," 8 C.F.R. § 241.13(i)(1), (2)—Respondents' arguments invoke only the second reason. *See* R. & R. at 8.  Respondents do not challenge this conclusion.

As to this second basis, a revocation to facilitate removal, Judge Erwin found that the record does not indicate that Petitioner's removal is significantly likely in the reasonably foreseeable future.  *See* R. & R. at 8.  Respondents object to this, arguing that there is a significant likelihood of Petitioner's imminent removal because of Vietnam's recent "greater willingness to repatriate its citizens" and that Vietnam is "accepting far

---

[3] Based upon this determination, Judge Erwin did not reach Petitioner's remaining claims for relief or request for declaratory judgment.  *See* R. & R. at 11 n.2; Pet. ¶¶ 83-87, 93-102.

greater numbers of its citizens who have been ordered removed from the United States." *See* Resp'ts' Obj. at 5.

Upon de novo review, the Court agrees with the thorough reasoning in the R. and R. Respondents' citation of evidence showing a general upswing in Vietnam's willingness to repatriate its citizens who are in the United States does not suffice to show that Respondents made a specific determination, prior to revoking Petitioner's OOS and detaining Petitioner, that in light of changed circumstances there was a significant likelihood that Petitioner may be removed to Vietnam in the reasonably foreseeable future. *See* McGettrick Decl. (Doc. No. 11-1) ¶ 10 (stating that basis for revoking Petitioner's OOS on August 27, 2025, was Petitioner's "criminal history and final order of removal"). Indeed, Respondents did not submit a request for travel documents for Petitioner until November 22, 2025. *Id.* ¶ 12; *see also Pham v. Bondi*, No. CIV-25-1157-SLP, 2025 WL 3243870, at *2 (W.D. Okla. Nov. 20, 2025) ("Respondents provided no evidence of progress they made towards removal of Petitioner himself before re-detention."). Even if a general trend were a sufficient substitute for an individualized determination to revoke, Respondents did not provide Petitioner the required written notice of the reasons for revocation or the prompt "informal interview" that would have allowed Petitioner the opportunity to respond. *See* 8 C.F.R. § 241.13(i)(3) ("Upon revocation, the alien will be notified of the reasons for revocation of his or her release. [ICE] will conduct an initial informal interview promptly after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification."). Accordingly, this objection is overruled.

Respondents next object that the R. & R. did not address the length of Petitioner's detention as would be required to assess a detention challenge made pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Resp'ts' Obj. at 2-3. Petitioner responds that analyzing the length of his current detention was "unnecessary" because the R. & R. recommends relief pursuant to Count Two, on the ground that Respondents violated the applicable revocation requirements, rather than Count Three, which contains Petitioner's *Zadvydas* claim. *See* Pet'r's Resp. at 2-3; *see also* Pet. ¶¶ 88-92, 93-96. The R. & R. expressly states that it "does not address Petitioner's remaining arguments as to how the revocation of his release is otherwise unlawful . . . under *Zadvydas*." R. & R. at 11 n.2. Having found that Petitioner is entitled to relief on Count Two, the Court also declines to analyze Petitioner's alternative argument based on *Zadvydas*. Therefore, this objection is overruled.

Respondents also argue, more broadly, that the R. & R. does not appropriately account for the Executive's expertise in immigration matters or properly allow for the Executive's discretion in immigration matters. *See* Resp'ts' Obj. at 8-9 (citing *Zadvydas*, 533 U.S. at 700). Petitioner responds that Respondents' deference argument is misplaced because Petitioner's contention is that Respondents have failed to abide by their own regulations, which does not implicate "the conduct of foreign affairs or the discretion of the Executive in matters of state." *See* Pet'r's Resp. at 12-13.

Respondents are correct that courts undertaking habeas review of immigration detention decisions "must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious needs and concerns inherent in the necessarily extensive [Executive] efforts to enforce this complex statute, and the Nation's

need to speak with one voice in immigration matters." *Zadvydas*, 533 U.S. at 700 (internal quotation marks omitted). But "courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention." *Id.* Here, the Court is presented with a cognizable claim for habeas relief under § 2241. Consistent with the Court's "legal responsibility" to determine "whether [Petitioner's] detention is, or is not, pursuant to statutory authority," the R. & R. "review[ed] the lawfulness" of the revocation of Petitioner's OOS and his redetention and found Respondents' actions to be "unlawful." *See Zadvydas*, 533 U.S. at 699-700; R. & R. at 6-11. This analysis is consistent with *Zadvydas* and does not improperly infringe on Executive expertise or discretion. *See Zadvydas*, 533 U.S. at 699 ("The basic federal habeas corpus statute grants the federal courts authority to answer" "whether detention is in violation of the laws of the United States[.]" (alterations and internal quotation marks omitted)). Respondents' deference objection is overruled.

## B. The Relief Afforded to Petitioner

Respondents object to the R. & R.'s conclusion that Petitioner is entitled to release based on their violation of the required revocation procedures, arguing that the "harmless error standard applies in deportation and administrative cases." *See* Resp'ts' Obj. at 4 (citing *Bahadorani v. Bondi*, No. CIV-25-1091-PRW, 2025 WL 3048932 (W.D. Okla. Oct. 31, 2025)). Petitioner counters that *Bahadorani* is incorrect in its conclusion and distinguishable. *See* Pet'r's Resp. at 7-8. Petitioner also argues that release is the proper remedy for his unlawful detention. *See id.* at 9-12.

This Court, in agreement with the majority view, has "found that such regulatory defects amount to due process violations that entitle a petitioner to habeas relief." *Hamidi v. Bondi*, No. CIV-25-1205-G, 2025 WL 3452454, at *3-4 (W.D. Okla. Dec. 1, 2025) (internal quotation marks omitted); *see also Pham*, 2025 WL 3243870, at *1.  This matter is distinguishable from *Bahadorani*.  Unlike in *Bahadorani*, where the petitioner was "provided the reasons for his detention" and "an interview related to a review of his detention," *Bahadorani*, 2025 WL 3048932, at *3, Respondents here failed to provide proper § 241.13(i)(3) notice to Petitioner or any meaningful opportunity to challenge his revocation, *see Hamidi*, 2025 WL 3452454, at *3; *Cao*, 2026 WL 637617, at *5.  Based on the facts and circumstances of this case, the undersigned concurs that Respondents' violation of § 241.13(i) denied Petitioner the process to which he was entitled by law and that such a denial entitles Petitioner to habeas relief.  *See Hamidi*, 2025 WL 3452454, at *3.  Accordingly, Respondents' relief objection is overruled.

Beyond release from detention, Petitioner seeks injunctive relief in the form of prospective restrictions on Respondents' ability to remove him to third countries or redetain him pursuant to 8 C.F.R. § 241.13(i).  *See* Pet. at p. 23-26.  These requests are denied.  *See Cao*, 2026 WL 637617, at *6.

Petitioner also requests "reasonable attorney fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A)."  Pet. at p. 24.  "The Tenth Circuit recently held that the [Equal Access to Justice Act] 'unambiguously authorizes fees in habeas actions challenging immigration detention.'"  *Marin Ramos v. Dedos*, No. 26-cv-00264, 2026 WL 555338, at *8-9 (D.N.M. Feb. 27, 2026) (alteration omitted) (quoting

*Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025)).  However, these fees must be sought in accordance with the requirements of the Equal Access to Justice Act and by separate motion.  *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2.

CONCLUSION

In accordance with the above, the Report and Recommendation (Doc. No. 15) is ADOPTED.

It is further ordered that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED to the extent it requests habeas release pursuant to 28 U.S.C. § 2241.[4]

2. Petitioner's remaining claims are DISMISSED without prejudice.

3. Respondents are directed to either:

    a. Within three (3) days of the date of this Order, provide Petitioner Tung Tran with notification of the reason for his revocation pursuant to 8 C.F.R. § 241.13(i) and, promptly thereafter, an informal interview allowing Petitioner to respond to the reasons for his revocation pursuant to § 241.13(i)(3); or

    b. Immediately release Petitioner Tung Tran into the United States, subject to the terms of his previous Order of Supervision.

4. Respondents shall submit a declaration pursuant to 28 U.S.C. § 1746 within five (5) days of the date of this Order affirming either Petitioner's release from custody into the United States or that the prescribed notification has been served on Petitioner.

5. The Court will separately enter Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to

---

[4] The undersigned's conclusion herein does not foreclose the possibility that the occurrence of events affecting the likelihood of Petitioner's removal in the reasonably foreseeable future could constitute "changed circumstances" as contemplated by 8 C.F.R. § 241.13(i)(2).

9

entertain any motion for attorneys' fees. Petitioner shall have 45 days from the date of this Order to file any motion seeking fees.

Petitioner's Motion for Expedited Handling (Doc. No. 19) is DENIED as moot.

IT IS SO ORDERED this 30th day of April, 2026.

_____
CHARLES B. GOODWIN
United States District Judge

10